

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2003

# USA v. Richards

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3909

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Richards" (2003). *2003 Decisions.* Paper 447.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/447

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3909

UNITED STATES OF AMERICA

v.

DON RICHARDS,
Appellant

On Appeal from the United States District Court for the Virgin Islands
District Court Judge: Hon. Thomas K. Moore
(Criminal No. 98-cr-00227)
Submitted Pursuant to Third Circuit LAR 34.1(a)
April 29, 2003

Before: ROTH, McKEE and COWEN, Circuit Judges

(Filed: June 20, 2003)

OPINION OF THE COURT

PER CURIAM.

Don Richards appeals the district court's imposition of restitution as part of his sentence following his conviction for first degree robbery and aiding and abetting, in violation of 14 V.I.C. §§ 1862 and 11, interference with commerce and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2, possession of a firearm during a crime of violence in violation of 18 U.S.C. §924(C)(1) and conspiracy in violation of 18 U.S.C. §371. He contends that the district court erred by failing to hold an evidentiary hearing to calculate an accurate amount for restitution. He makes a related argument that the district

court erred by failing to consider his financial position in imposing restitution and requiring that he adhere to a schedule of payments as a special condition of supervised release.[1] For the reasons that follow, we will dismiss the appeal for lack of jurisdiction.

Since we write only for the parties, it is unnecessary to recite the facts of this case. Rather, it is sufficient for our purposes to briefly note the procedural history in the course of reaching our conclusion. The district court adopted the Presentence Report, which contained the Probation Office's calculation of the total loss resulting from the robbery. The court used that calculation to determine the amount of restitution Richards should be ordered to pay. On May 2, 2001, Richards filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. §3582(C)(2). That provision of Title 18 provides for modification of a sentence following an amendment to the relevant Sentencing Guideline. At resentencing, Richards also argued for a reduction in restitution, claiming that the district court erred in imposing restitution in the amount the court had ordered. App. at 46-49. Although the court did modify Richards' term of imprisonment at the resentencing based upon an intervening amendment to the Sentencing Guidelines, the court refused to change the order of restitution. App. 62. Richards now contests the

---

[1] Richards also argues that the district court erred by failing to consider his financial ability by ordering restitution due in full immediately. In making this argument it is clear that he misunderstands how the restitution order is to be satisfied. Although he is to make a diligent effort toward satisfying the restitution order while incarcerated, a condition of his supervised release requires that any unpaid portion be paid in monthly installments to the Clerk of the District Court. *See* App. 14 (Amended Judgment in a Criminal Case outlining conditions of supervised release).

restitution order.

## II.

We begin by noting that the appropriate scope of a sentencing court's inquiry under § 3582 is necessarily narrow. *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002). Here, Richards was entitled to a modification of his sentence due to a limited change in the Guidelines that only impacted the calculation of his offense level. *See* U.S.S.G. Amendment 599 (amending §2K2.4). The amendment had no effect on the amount of Richards' restitution, or the manner in which it should have been calculated. Given the limited nature of the proceedings under §3582(C)(2), we will therefore not consider Richards' attempt to use it as a vehicle to appeal his restitution order.

We have, however, reviewed the possible contentions which the defendant could raise on appeal as set forth in the brief that counsel has filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Our review clearly shows that there are no conceivable non-frivolous issues present in this record. Accordingly, we will dismiss the appeal for lack of jurisdiction.[2]

---

[2] Moreover, even if we were to consider Richards' arguments, we would find them without merit. We exercise plenary review over the question of whether an award of restitution is permitted under law and we review specific awards of restitution for abuse of discretion. *United States v. Crandon*, 173 F.3d 122, 125 (3d Cir. 1999). We review factual findings, such as the amount of the loss, for clear error. *United States v. Napier*, 273 F.3d 276, 278 (3d Cir. 2001). An evidentiary hearing was not necessary to determine the amount of restitution here because the Probation Office correctly calculated the total loss resulting from the robbery and reported it in the Presentence report. Furthermore, Richards never objected to the total loss as set forth in the report. Finally, in fashioning a

3

restitution payment schedule, the district court carefully considered Richards' financial condition, as evidenced by its decision to waive fine, imprisonment and supervision costs.