

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2002

# USA v. McBride

Precedential or Non-Precedential:

Docket 1-1616

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. McBride" (2002). *2002 Decisions*. Paper 169.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/169

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed March 13, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1616

UNITED STATES OF AMERICA

v.

OMAR MCBRIDE
a/k/a
LITTLE O

Omar McBride,
        Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 92-cr-00671-10
District Judge: The Honorable Lowell A. Reed, Jr.

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2002

Before: BECKER, Chief Judge, McKEE, and
BARRY, Circuit Judges

(Filed: March 13, 2002)

Jeremy H.G. Ibrahim, Esq.
121 South Broad Street
The North American Building
Philadelphia, PA 19107

Attorney for Appellant

Joseph T. Labrum, III, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

Attorney for Appellee

OPINION OF THE COURT

BARRY, Circuit Judge:

I.

In November, 1992, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging twenty defendants, including Omar McBride, with over eighty counts of drug trafficking, violent crime in aid of racketeering, and firearms offenses. On June 23, 1993, each of the eight defendants who went to trial was convicted on one or more counts of the forty counts which went to the jury. McBride was convicted for his membership in a conspiracy, known as "The Zulu Nation," to distribute and to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. S 846.

At sentencing, the District Court attributed a total weight of 49.4 kilograms of crack cocaine to the conspiracy and 27.5 kilograms of that amount to McBride. Accordingly, McBride's offense level was set at 42. U.S.S.G.S 2D1.1(c) (1993). This offense level was enhanced by two levels for McBride's possession of a firearm. S 2D1.1(b)(1). With a total offense level thus set at 44 and a criminal history category of III, McBride was sentenced to life in prison. We affirmed the judgment of sentence in an unpublished

opinion. United States v. McBride, 74 F.3d 1229 (1995) (table).

II.

On September 19, 1997, McBride moved for a reduction of sentence pursuant to 18 U.S.C. S 3582(c)(2). The motion was based on Amendment 505 to the Sentencing Guidelines, an amendment which became effective on November 1, 1994 and which, as relevant here, deleted offense levels 38, 40, and 42 of the Drug Quantity Table in U.S.S.G. S 2D1.1(c) and inserted a revised level 38 as the upper limit of the Table. U.S. Sentencing Guidelines Manual, App. C, Vol. 1 (1998). The Sentencing Commission explained that, absent the extraordinary case, more than level 38 is not required to ensure adequate punishment given that organizers, leaders, managers, and supervisors will receive a four, three, or two level enhancement for their role in the offense and a two level enhancement will be received by any participant who possessed a dangerous weapon in the offense.

In a Memorandum Opinion dated October 26, 2000, the District Court agreed that retroactive application of Amendment 505 would be available to McBride and that the guideline imprisonment range would be recomputed after giving him the benefit of the level 38 cap and adding, as before, the two level enhancement of possession of a firearm. Certainly, then, to the extent that McBride had sought consideration of a reduction of sentence under 18 U.S.C. S 3582(c)(2), his motion was granted. The Court scheduled a limited sentencing hearing, ordered an updated presentence report, and appointed counsel to represent McBride.

On January 5, 2001, the sentence hearing commenced. McBride asked that, aside from any benefit he might receive as a result of the retroactive amendment, he be resentenced in accordance with Apprendi v. New Jersey, 530 U.S. 466 (2000), and the hearing was adjourned in order that that issue could be briefed. Apprendi, as by now is surely well known, held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

3

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. As argued, and as briefed, McBride's position was that Apprendi had by then become "the law of the land" and because the jury had not found a specific drug quantity beyond a reasonable doubt, he should be resentenced within the statutory maximum for 21 U.S.C. S 846, "the object of said conspiracy being 21 U.S.C. S 841(a)(1), without regard to quantity." Supp. App. 31. Applying Apprendi, he argued, would result in a maximum sentence of twenty years under 21 U.S.C. S 841(b)(1)(C) rather than a sentence within the expected guideline imprisonment range, as recomputed, of 360 months to life imprisonment.

The District Court determined that even if Apprendi could be applied retroactively, it would not be applied at McBride's resentencing because that resentencing was circumscribed by the nature of the motion before the Court, which was simply a motion under 18 U.S.C. S 3582(c)(2) for a reduction of sentence based on a change in the Guidelines. Accordingly, the Court only gave McBride the benefit of that change, pegging the base offense level at 38, and resentenced him to 400 months imprisonment.

McBride has appealed. We have jurisdiction under 28 U.S.C. S 1291 and 18 U.S.C. S 3742(a) and will affirm.

 III.

McBride's appeal turns on his challenge to the scope of the resentencing hearing. He argues that the District Court erred in restricting the scope of that hearing to the benefit, if any, he would receive by virtue of the retroactive amendment to S 2D1.1 with its new upper limit on the base offense level. Rather, the argument goes, the scope of the hearing should have encompassed Apprendi and the substantial benefit the application of Apprendi  would assuredly have afforded him. We review de novo the District Court's determination to the contrary. United States v. Yeaman, 194 F.3d 442, 456 (3d Cir. 1999).

McBride moved for a reduction of sentence pursuant to 18 U.S.C. S 3582(c)(2) seeking relief based upon Amendment 505. S (c)(2) provides:

4

(c) The court may not modify a term of imprisonment once it has been imposed except that --

. . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Commission's applicable policy statement is S 1B1.10, which explicitly makes Amendment 505 retroactive, stating, as relevant here:

Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. S 2(c)(2).

. . .

(c) Amendments covered by this policy statement [include Amendment #]505. . . .

Where a reduction in a term of imprisonment is authorized by virtue of an amendment explicitly made retroactive, S 1B1.10(b) specifies what a court should consider when determining if a reduction is warranted and, if so, the extent of that reduction, to wit:

(b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. S 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c)

5

been in effect at the time the defendant was sentenced . . .

The commentary to S 1B1.10 unambiguously emphasizes the limited nature of what may be considered:

> In determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.

comment. (n.2). It is, thus, clear that only the retroactive amendment is to be considered at a resentencing under S 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed. In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.

Wholly aside from the fact that there was no Apprendi at the time of the original sentencing, constraining a court's consideration to the retroactive amendment at issue is consistent with the focused nature of a proceeding under S 3582. See United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997) (holding that S 3582(c)(2) does not contemplate a full de novo resentencing); United States v. Torres, 99 F.3d 360, 362–63 & n.3 (10th Cir. 1996) (holding that treating a resentencing under S 3582 as a de novo resentencing would negate the limit on retroactivity found in S 1B1.10). Indeed, we, too, have distinguished between a "full resentencing" and a reduction of sentence under 18 U.S.C. S 3582(c). United States v. Faulks , 201 F.3d 208, 210 (3d Cir. 2000).

While, of course, Apprendi is being regularly invoked by defendants in various settings with varying degrees of success, we have not until now decided in a published opinion whether it would afford relief when a modification of sentence is sought under 18 U.S.C. S 3582(c)(2). See United States v. Nixon, No. 01–3128 at 4 (3d Cir. Feb. 20, 2002) (unpub.). We hold that it would not, as have those Courts of Appeals that have considered this issue.

6

United States v. Smith, 241 F.3d 546 (7th Cir. 2001), is remarkably similar to the case before us, with the Seventh Circuit reaching the same conclusion we reach. Smith filed a motion for resentencing under S 3582(c), seeking a reduction in sentence based on a retroactive change in the Guidelines. The District Court agreed that a reduction was appropriate and reduced his sentence from life imprisonment to 405 months. But, as the Seventh Circuit put it, "Smith was not happy with this change, even though it [was] the one specified by the amended guideline." Id. at 547. Smith asked the District Court to reduce his sentence to 240 months because the jury had not determined the amount of crack cocaine in which he had dealt and, under 21 U.S.C. S 841(b)(1)(C), 240 months was the maximum sentence which could be imposed. Neither the District Court nor the Seventh Circuit was persuaded, but after Apprendi was issued, the Supreme Court remanded Smith's case to the Seventh Circuit for further consideration.

On remand, the Seventh Circuit rejected the Apprendi claim.

> Smith did not raise this issue in 1992, when it would have been possible to submit the question to a jury, so "plain error" would be the standard if this were a direct appeal. But it is not. . . . Smith's post-judgment request for resentencing rested on a change in the Sentencing Guidelines. Only at his resentencing under the amended guideline did Smith first raise the contention that the jury should have been told to determine whether the conspiracy dealt in 50,5, or less than 5, grams of crack cocaine. That was a new issue, one not authorized by S 3582(c), for it is unrelated to any change in the Sentencing Guidelines.

241 F.3d at 548.1 In a case, coincidentally, of the same

_____

1. The Seventh Circuit described Smith's Apprendi claim as "effectively" a collateral attack on his sentence, usually raised by motion under 28 U.S.C. S 2255. Although the Court discussed the cause and prejudice Smith was required to show to obtain collateral relief, and found both wanting, it also found it "by no means clear" that Apprendi would apply in the first place. Id. at 549. It pointed out that the Supreme Court had not held that Apprendi is retroactively applicable on collateral attack. We

name, the Fourth Circuit, describing a resentencing under

S 3582(c)(2) as "merely a form of limited remand," agreed with the Seventh Circuit that an argument that the defendant's sentence violated Apprendi was not authorized by S 3582(c) because it was unrelated to any change in the

Guidelines. United States v. Smith, No. 00-4181, 2001 WL 427790 (4th Cir. Apr. 26, 2001). See also United States v. Bacote, No. 00-1622, 2001 WL 393705 (2d Cir. Apr. 18,

2001).2

The District Court determined that McBride's Apprendi argument was independent of and unrelated to any change in the Guidelines and was, therefore, outside the scope of a sentence modification under S 3582. Given the limited nature of the S 2 proceeding, and given the constraints of S 1B1.10, p.s., we agree.

   IV.

The order of the District Court will be affirmed.

_____

have held that the new rule in Apprendi was not retroactive to cases on collateral review. In re: Turner, 267 F.3d 225 (3d Cir. 2001). So, too, now
has the Seventh Circuit in a case decided after Smith, United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), as has each Court of Appeals to have considered the issue.

2. See also United States v. Paul, Crim. A. 96-049, 2001 WL 883130 (E.D. La. July 26, 2001) (rejecting Apprendi claim as "clear[ly]" and "unambiguous[ly]" inappropriate for consideration under S 3582, based on that statute's language); United States v. Griffin, No. CR. A. 93-491, 2001 WL 540997 (E.D. Pa. May 21, 2001) ("Apprendi challenge may not be brought pursuant to 18 U.S.C. S 3582(c)(2) because it does not relate to a change in the Sentencing Guidelines by the Sentencing Commission"); United States v. Morgan, Crim. 92-665-1, 2000 WL 1368028 (E.D. Pa. Sept. 13, 2000) (because "Apprendi did not directly address the federal sentencing guideline issues," S 3582 motion was inapplicable).

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

9