

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2004

# USA v. Acker

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2442

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Acker" (2004). *2004 Decisions.* Paper 1080.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1080

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2442

UNITED STATES OF AMERICA

v.

PETER ACKER,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 97-00076-01)
Honorable Harvey Bartle, III, District Judge

Submitted under Third Circuit LAR 34.1(a)
January 12, 2004

BEFORE: BARRY, SMITH, and GREENBERG, Circuit Judges

(Filed: January 21, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Peter Acker appeals to this court from two orders of the district court: an order

dated and entered on May 5, 2003, denying his motion for modification of his sentence,

and an order dated May 15, 2003, and entered on May 16, 2003, denying his motion to

alter or amend the May 5, 2003 order. These motions related to the sentence the district court imposed on Acker on June 24, 1997, following his plea of guilty to both counts of a two-count information charging him with armed bank robbery in violation of 18 U.S.C. § 2113(d) and use of firearms in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Acker to a 37-month custodial term on the bank robbery charge and a consecutive 60-month custodial term on the firearms charge, for a total custodial term of 97-months. In addition, the court required Acker to serve a five-year term of supervised release, to make restitution of $2500, and to pay a $100 special assessment. We, however, are concerned on this appeal only with the custodial sentence and period of supervised release.

Acker did not appeal from the judgment of conviction and sentence. He, however, did move in the district court for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). This motion led to the entry of the orders we now review. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review on this appeal. See United States v. McBride, 283 F.3d 612, 614 (3d Cir. 2002).

Acker explains that the issues he presents on this appeal are as follows:

I. Whether the district court erred in denying Appellant['s] 18 U.S.C. § 3582(c)(2) motion for Modification of Sentence.

II. [Whether] Amendment[s] 591 [and] 599 of the United States Sentencing Guideline Manual 2000 apply to the case at bar.

III. Whether an underlying offense of armed bank robbery [under] 18 U.S.C. § 2113(d) versus unarmed bank robbery [under] 18 U.S.C. § 2113(a) is [an] enhancement for the use or possession of the weapon within the offense of conviction, when a defendant receives a five year supervised release [term] at time of sentencing versus three years for unarmed bank robbery, [and] when [ ] 18 U.S.C. § 924(c) is being applied as [an] enhancement.

IV. Whether the district court 'double counted' at time of the sentencing by applying five years [supervised] release.

Appellant's Brief at 2.

18 U.S.C. § 3582(c)(2), on which Acker relies, provides as follows:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. This section does not help Acker, however, as U.S.S.G. amendments 591 and 599, upon which he relies, are not applicable here. Although it references other guideline sections and commentary, amendment 591 is, as the Sentencing Commission explains in the amendment, intended to address a circuit conflict regarding the application of the enhanced penalties in U.S.S.G. § 2D1.2 dealing with certain drug offenses. See U.S. Sentencing Guidelines Manual app. C, vol. II, at 30 (2003). Clearly, therefore, amendment 591 cannot be germane in this bank robbery and firearms use case. Nor is amendment 599 applicable, as it is intended to clarify the circumstances in which a

3

defendant sentenced for a violation of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the sentencing guidelines for those other offenses. See id. at 69-70. In this case the court did not enhance under the guidelines the sentence it imposed under section 2113(d) by reason of the possession of the firearm, as the use and thus the possession of the weapon was an element of the offense.

As the government contends, therefore, this case involves nothing more than a situation in which the two offenses involved, the bank robbery and weapons offenses, share a common element, possession of a firearm. Of course, we do not regard the two sentences as reflecting an unjustified double counting of Acker's possession of the firearm. See, e.g., United States v. McCarty, 36 F.3d 1349, 1361 (5th Cir. 1994). Finally, we reject Acker's contention that the fully authorized period of supervised release (see 18 U.S.C. § § 3559(a)(2), 3583(b)(1)) somehow demonstrates that his bank robbery sentence was enhanced by reason of his possession of the firearm.

The orders entered May 5, 2003, and May 16, 2003, will be affirmed.


/s/ Morton I. Greenberg
               Circuit Judge