

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2005

# USA v. Perez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1392

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Perez" (2005). *2005 Decisions.* Paper 411.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/411

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1392
_____

UNITED STATES OF AMERICA

v.

LOUIS PEREZ
a/k/a ALBERTO SANCHEZ

Louis Perez,
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 91-cr-00301-03)
District Judge:  Honorable Franklin S. Van Antwerpen

_____

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2005

Before:  SLOVITER, BARRY AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed October 14, 2005)
_____

OPINION
_____

PER CURIAM

        Louis Perez appeals the order of the United States District Court for the Eastern

District of Pennsylvania denying his motion to reduce his sentence.  We will affirm.

Because the parties are familiar with the facts, we provide only a brief summary here. In December 1991, Perez pleaded guilty to one count of conspiracy to distribute heroin. The District Court determined that Perez's total offense level was 46 (43 being the highest level on the federal sentencing table), and his criminal history category was I, yielding a life sentence under the federal sentencing guidelines. We affirmed the judgment on direct appeal. Years later, Perez filed several unsuccessful motions in the District Court and this Court, including a motion under 28 U.S.C. § 2255 and an application for leave to file a second or successive section 2255 motion.

In December 2000, Perez filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Among other things, Perez asserted that he benefitted from Amendment 591 to the sentencing guidelines, which made U.S.S.G. § 2D1.2's two-level increase applicable only when the defendant is convicted of, or has stipulated to, a statutory violation of drug trafficking in a protected location. He also asked the District Court to consider his postconviction rehabilitation pursuant to United States v. Sally, 116 F.3d 76 (3d Cir. 1997). The District Court was disinclined to grant Perez any relief because, even without the section 2D1.2 two-level increase, Perez's resulting offense level of 44 still mandated a life sentence. The District Court also agreed with the government's argument that Perez could not obtain a downward departure under Sally for his postconviction rehabilitative efforts because Amendment 602, effective November 1, 2000, added U.S.S.G. § 5K2.19 to the sentencing guidelines and barred

2

Sally-type relief. Accordingly, the District Court denied Perez's motion without prejudice to his later reasserting his right to relief under Amendment 591 if other amendments, combined with Amendment 591, would allow a sentence of less than life imprisonment. On appeal, appointed counsel for Perez pursued only the issue regarding section 2D1.2. We affirmed the District Court's order.

Perez returned to District Court and filed a second motion to reduce his sentence, again asserting his postconviction rehabilitative efforts as a basis. The District Court denied the motion, again explaining that section 5K2.19 forecloses a sentencing departure based on postconviction rehabilitative efforts. Perez's motion for reconsideration was denied. Perez appeals. We have appellate jurisdiction under 28 U.S.C. § 1291.

Perez contends that the District Court erred in concluding that U.S.S.G. § 5K2.19 barred consideration of postsentencing rehabilitative efforts within the context of his motion to reduce his sentence under Amendment 591. In support, Perez cites United States v. Yeaman, 248 F.3d 223 (3d Cir. 2001), a case decided after initial briefing had been completed in Perez's previous appeal, in which we stated that section 5K2.19 "work[ed] a departure from our previous rule in Sally" and suggested that it could not be applied retrospectively. Id. at 228.

The government recognizes that applying section 5K2.19 poses retroactivity problems in Perez's case, but it contends that these problems are somehow lessened by the "one-book rule." See U.S.S.G. § 1B1.11(b)(2) ("[t]he Guidelines Manual in effect on

3

a particular date shall be applied in its entirety"). To illustrate, the government posits that, because Perez sought the benefit of Amendment 591 on the section 2D1.2 issue, he must also accept the application of Amendment 602 and section 5K2.19, barring his <u>Sally</u> claim, as both amendments became effective under the same "book." However, the one-book rule is not implicated here. Perez does not seek resentencing under two different manuals. Rather, he seeks resentencing under the manual applied to him at his sentencing (which did not include section 5K2.19 to bar <u>Sally</u>-type departures), as altered by Amendment 591 (which inured a benefit to be applied to him retroactively). <u>See</u> U.S.S.G. § 1B1.10(b) (instructing the court to consider the guidelines as though the retroactive amendment had been in effect at the time of the original sentencing). The government also asserts that section 3582 "does not afford jurisdiction for application of a new judicial interpretation of a prior guideline." Appellee's Brief at 16. Yet Perez does not seek the application of any *new* judicial interpretation. Rather, Perez relies on <u>Sally</u> as the interpretation of the guidelines as they existed when he was sentenced.

Nevertheless, we observe a more fundamental problem with Perez's attempt to invoke <u>Sally</u> in a § 3582(c)(2) proceeding.[1] The scope of a sentencing court's inquiry under section 3582(c)(2) is limited to consideration of a retroactive amendment; section

---

[1]We address this problem because we may affirm on any basis that is supported by the record. <u>Fairview Township v. EPA</u>, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

4

3582(c)(2) does not entitle a defendant to a full de novo resentencing. <u>United States v. McBride</u>, 283 F.3d 612, 615 (3d Cir. 2002).[2]

Because it has been determined that Amendment 591 is not sufficient on its own to benefit Perez, and because we conclude that Perez's postconviction conduct cannot provide a basis to reduce his sentence from life imprisonment, there was no basis upon which the District Court could have granted Perez's section 3582(c)(2) motion. Accordingly, we will affirm the judgment of the District Court.

---

[2]Because Perez's request to be resentenced rests on section 3582(c)(2), his situation differs from the defendants in <u>Yeaman</u>, supra, who were resentenced following a remand during their direct appeal proceedings and not pursuant to a section 3582(c)(2) motion.