

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2006

# USA v. Lizardo

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4505

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Lizardo" (2006). *2006 Decisions.* Paper 1468.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1468

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-131                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4505
_____

UNITED STATES OF AMERICA

v.

SIXTO LIZARDO,

Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 99-cr-00385)
District Judge: Honorable Ronald L. Buckwalter
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2006

Before: BARRY, SMITH and NYGAARD, CIRCUIT JUDGES

(Filed:   March 8, 2006)

_____

OPINION
_____

PER CURIAM

        Sixto Lizardo, a federal prisoner, appeals the order of the United States District

Court for the Eastern District of Pennsylvania denying his petition for a reduction of

sentence filed pursuant to 18 U.S.C. § 3582(c)(2).[1]  For the reasons that follow, we will

summarily affirm the judgment of the District Court.

In June 2000, after a jury trial, Lizardo was convicted of one count of conspiracy

and three counts of distribution of cocaine.  He was sentenced to 240 months of

imprisonment.  We affirmed Lizardo's conviction and sentence in 2002.  In May 2005,

Lizardo filed the underlying section 3582(c)(2) petition in the District Court, arguing that

United States v. Booker, 543 U.S. 220 (2005), constitutes an amendment to the United

States Sentencing Guidelines.  Lizardo contends that his jury trial right was violated when

his sentence was increased based on a drug quantity found by the District Court instead of

by the jury.  The government filed a response, and Lizardo filed a reply.  By order entered

September 26, 2005, the District Court denied relief.  Lizardo appeals and has filed a

memorandum in opposition to summary affirmance.

By its terms, section 3582(c)(2) provides for a reduction in sentence for a

defendant who was sentenced based on a sentencing range that the Sentencing

---

[1] Lizardo submitted an eleven-page typewritten document titled in part "Petition for Reduction in Term of Imprisonment," specifically noting that he filed it pursuant to 18 U.S.C. § 3582(c)(2).  Along with the petition, Lizardo submitted a form motion under 28 U.S.C. § 2255 to vacate his sentence, in which he raised no additional claims.  From the record, it does not appear that the District Court treated Lizardo's document as a section 2255 motion.  We note that Lizardo asserted in District Court that, in the alternative to section 3582(c)(2), he is entitled to pursue habeas corpus relief under 28 U.S.C. § 2241 because he did not file a timely section 2255 motion, and section 2255 is thus an inadequate or ineffective means for obtaining relief.  However, section 2255 is not "inadequate or ineffective" merely because a petitioner cannot meet section 2255's stringent gate-keeping provisions.  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Commission later lowered by amendment to the Sentencing Guidelines. The Supreme Court's decision in <u>Booker</u> is not the equivalent of a Sentencing Guidelines amendment made by the Sentencing Commission. <u>Cf.</u> <u>United States v. McBride</u>, 283 F.3d 612 (3d Cir. 2002) (holding that a claim under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), is outside the scope of a sentence modification under section 3582(c)(2)). Moreover, we note that we have held that <u>Booker</u> is not retroactively applicable to cases on collateral review. <u>See</u> <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005). Lizardo's conviction became final years before <u>Booker</u> was decided. Thus, contrary to Lizardo's arguments on appeal, he would not be entitled to relief under <u>Booker</u> under section 2255.

Because this appeal presents "no substantial question," <u>see</u> 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's order.