

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2006

# USA v. Pinet

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3554

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Pinet" (2006). *2006 Decisions.* Paper 1058.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1058

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3554
_____

UNITED STATES OF AMERICA

v.

ANGEL MANUEL PINET, a/k/a JOSE

Angel M. Pinet,
                                                    Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 97-cr-00169-2)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
MAY 19, 2006
Before: FISHER, ALDISERT AND WEIS, Circuit Judges.
(Filed May 23, 2006)
_____

OPINION
_____

PER CURIAM:

Angel Manuel Pinet appeals from the District Court order denying his

motion for modification of his sentence under 18 U.S.C. § 3582(c)(2). For the following

reasons, we will affirm.

As the parties are familiar with the facts, we will only briefly

summarize them.  Pinet was sentenced to 360 months imprisonment for drug trafficking offenses in 1998.  Pinet appealed and we affirmed.  In July 2005, Pinet filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) provides for the reduction of a sentence for a defendant who was sentenced based on a sentencing range later lowered by an amendment to the United States Sentencing Guidelines.

Pinet seeks a reduction of his sentence based on Amendment 668 of the Sentencing Guidelines, which became effective in November 2004.  The Amendment modified § 2D1.1 for defendants who received an adjustment under § 3B1.2 for a mitigating role in the offense.  Before Amendment 668 was enacted, the base level offense for such a defendant could not be more than thirty.  After its enactment, however, the base offense level of a defendant receiving an adjustment under § 3B1.2 is subject to a different scale depending on the base offense level.  A defendant whose base offense level is thirty-two would receive a two-point reduction, a base offense level of thirty-four or thirty-six would receive a three-point reduction and a base offense level of thirty-eight would receive a four-point reduction.

Pinet argues he is entitled to a two-point reduction in his sentence based upon Amendment 668.  Pinet did not receive an adjustment for his mitigating role in the offense pursuant to § 3B1.2, however.  Therefore, the District Court properly

determined that Amendment 668 is not applicable to Pinet.[1]

Pinet also argues that his sentence should be lowered in light of the United States Supreme Court decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). However, <u>Booker</u> is outside the scope of a sentence modification under § 3582(c)(2) because it is not the equivalent of a Sentencing Guidelines amendment.  <u>Cf.</u> <u>United States v. McBride</u>, 283 F.3d 612 (3d Cir. 2002)(holding that a claim under <u>Apprendi v. United States</u>, 530 U.S. 466 (2000), is outside the scope of a sentence modification under § 3582(c)(2)).  Additionally, <u>Booker</u> is not retroactively applicable to cases on collateral review.  <u>See</u> <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005).

For these reasons, we find that the District Court correctly denied Pinet's  § 3582(c)(2) motion.  We will affirm the District Court order denying the motion.

---

[1]  The District Court also held that Amendment 668 cannot be applied retroactively. However, we need not reach this issue because of the disposition of the appeal outlined above.