

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2006

# USA v. Miles

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1454

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Miles" (2006). *2006 Decisions*. Paper 109.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/109

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-46                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1454
_____

UNITED STATES OF AMERICA

v.

PHILLIP MILES,

Appellant
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 97-cr-00146)
District Judge:  Honorable William J. Nealon
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2006

Before: SLOVITER, CHAGARES and NYGAARD, Circuit Judges.

(Filed:  December 11, 2006)

_____

OPINION
_____

PER CURIAM

        Philip Miles, a federal prisoner, appeals an order of the United States District

Court for the Middle District of Pennsylvania denying his motion for modification of

sentence pursuant to 18 U.S.C. § 3582(c)(2). Because this appeal does not raise a substantial question, we will summarily affirm the order of the District Court.

In 1997, a jury found Miles guilty of conspiracy to distribute a controlled substance and distribution of a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii). The District Court sentenced Miles to 324 months in prison. This Court affirmed on direct appeal.

The District Court denied Miles' subsequent motion to vacate his sentence pursuant to 28 U.S.C. § 2255. This Court granted a certificate of appealability on Miles' ineffective assistance of counsel claims, and then affirmed the denial of relief under § 2255. The United States Supreme Court denied Miles' petition for a writ of certiorari.

Miles then filed in District Court a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) claiming that he is entitled to a new sentencing hearing under United States v. Booker, 543 U.S. 220 (2005). The District Court denied the motion, and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Under 18 U.S.C. § 3582(c)(2), the District Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . .." As recognized by the District Court, Booker held that the provision of the federal sentencing statute that made the Sentencing Guidelines mandatory was incompatible with the Sixth Amendment. Booker, 543 U.S. at 756. While the effect of Booker was to make the Sentencing Guidelines advisory, id. at 757, Booker did not result in the amendment of

2

any sentencing range. Thus, <u>Booker</u> does not provide a basis for relief under

§ 3582(c)(2). <u>Cf.</u> <u>United States v. McBride</u>, 283 F.3d 612, 616 (3d Cir. 2002) (holding

that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), did not provide a basis for relief under

§ 3582(c)(2) because it was unrelated to any change in the Sentencing Guidelines).

Accordingly, we will summarily affirm the order of the District Court.[1]

---

[1] The District Court also noted that under <u>Lloyd v. United States</u>, 407 F.3d 608, 616 (3d Cir. 2005), <u>Booker</u> does not apply retroactively to cases on collateral review. To the extent Miles sought to collaterally challenge his sentence outside of § 3582(c)(2), he was required to obtain this Court's authorization to file a second or successive motion under § 2255. This Court, however, has held that <u>Booker</u> does not provide a basis for such authorization because the Supreme Court has not made <u>Booker</u> retroactive to cases on collateral review. <u>In re Olopade</u>, 403 F.3d 159, 164 (3d Cir. 2005).