

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2006

# USA v. Boatwright

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Boatwright" (2006). *2006 Decisions.* Paper 40.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/40

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No 06-2521
_____

UNITED STATES OF AMERICA

v.

RONALD IAN BOATWRIGHT,

Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 03-cr-00361)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2006

Before: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed December 21, 2006)

_____

OPINION
_____

PER CURIAM

Ronald Ian Boatwright appeals the District Court's order denying his motion for

reduction of sentence under 18 U.S.C. § 3582. For the following reasons we will affirm.

In 2004 Boatwright pled guilty to possession with intent to distribute crack cocaine and possession of a firearm in furtherance of a drug trafficking crime, for which he received a sentence including 84 months' imprisonment. He did not appeal. He did, however, file a motion pursuant to 28 U.S.C. § 2255, arguing that because he was sentenced after the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), he should have been sentenced in accordance with Blakely. The District Court dismissed the motion because it had, in fact, sentenced him in accordance with Blakely (and, ipso facto, the Supreme Court's subsequent decision in United States v. Booker, 543 U.S. 220 (2005)). The court declined to issue a certificate of appealability.

Again Boatwright did not appeal. Instead, he filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582, arguing that Booker "invalidated" the federal sentencing guidelines. The District Court denied the motion, explaining that section 3582(c) authorizes a reduction in sentence if the Sentencing Commission has amended a guideline applicable to a specific sentence under 28 U.S.C. § 994(o); it does not authorize alteration of a sentence based on a subsequent judicial ruling such as Booker. Boatwright filed a motion for reconsideration, which the court denied. This appeal followed.[1]

We agree with the District Court. Section 3582(c) simply does not authorize a district court to reduce a sentence based on a subsequent judicial decision, and the

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's legal interpretation of the Guidelines de novo. United States v. Irvin, 369 F.3d 284, 286 n.1 (3d Cir. 2004).

2

Supreme Court's decision in Booker is not the equivalent of a Sentencing Guidelines amendment made by the Sentencing Commission. Cf. United States v. McBride, 283 F.3d 612, 616 (3d Cir.2002) (holding that a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), is outside the scope of a sentence modification under section 3582(c)(2)).

Accordingly, we will affirm the judgment of the District Court.