

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2007

# USA v. West

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. West" (2007). *2007 Decisions.* Paper 606.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/606

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-306                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 07-1375
_____

UNITED STATES OF AMERICA

v.

BENJAMIN WEST,

Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. No. 88-cr-00172-1)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action  Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 19, 2007

BEFORE:  BARRY, AMBRO and FISHER, CIRCUIT JUDGES

(Filed:   August 7, 2007)
_____

OPINION
_____

PER CURIAM.

        Benjamin West appeals from the District Court's order denying his motion under

18 U.S.C. § 3582 to reduce his sentence.  Because this appeal presents no substantial

question, we will summarily affirm the judgment of the District Court.

In 1989, Benjamin West was convicted in the United States District Court for the Middle District of Pennsylvania of conspiracy to distribute and possess with intent to distribute cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count 1); distribution and possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 18 U.S.C. § 2 (count 2); distribution of crack cocaine within 1000 feet of a school in violation of 21 U.S.C. §§ 845(a) and 841(a)(1) (count 3); and distribution of crack cocaine to a person under the age of 21 in violation of 21 U.S.C. §§ 845(a) and 841(a)(1) (count 4). Pursuant to the sentencing guidelines, the District Court found that West had a base offense level of 36. It then added a 4-level enhancement for his leadership role in the offenses, yielding an offense level of 40. Combined with his criminal history category of III, the Guidelines yielded a sentencing range of 360-months to life imprisonment for each of his offenses. The District Court sentenced West to four concurrent 360-month terms of imprisonment. His conviction was affirmed on appeal.

In 1997, West filed a motion to vacate his sentence under 28 U.S.C. § 2255. In response, the Government conceded that his convictions under counts 2 and 3 amounted to double jeopardy. The District Court then vacated his conviction for distribution and possession with intent to distribute (count 2) and denied the rest of his claims. We denied his request for a certificate of appealability. United States v. West, C.A. No. 98-7330 (3d Cir. order entered on December 22, 1998). West continued to file various collateral

2

attacks on his sentence, most recently an application to file a second or successive § 2255

motion. In re: West, C.A. No. 06-2436 (3d Cir. order entered on August 28, 2006).[1]

On October 27, 2006, West filed this motion to modify his sentence pursuant to

§ 3582(c). In the motion, he argued that, under Amendment 591 to the United States

Sentencing Guidelines, the District Court used the wrong guidelines to calculate his base

level offense when it re-sentenced him in 1997. The District Court denied the motion and

this appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's

interpretation and application of the Sentencing Guidelines de novo. United States v.

Yeaman, 194 F.3d 442, 456 (3d Cir.1999).

Section 3582(c)(2) allows a court to reduce a sentence when a defendant has been

sentenced to a term of imprisonment pursuant to a sentencing range that has subsequently

been lowered by the Sentencing Commission. United States v. McBride, 283 F.3d 612,

614 (3d Cir. 2002). Under § 3582(c)(2), a court may reduce a sentence in response to an

amendment of the Sentencing Guidelines if the amendment is named in the Sentencing

Commission's policy statement § 1B1.10.[2] Id. Amendment 591 to the Guidelines is one

of the amendments listed in § 1B1.10 that applies retroactively to sentences such as

---

[1]In 2005, the District Court modified his sentence under U.S.S.G. § 5G1.3(b) to credit him with 36 months that he spent incarcerated on a related state charge.

[2]§ 1B1.10(c) reads: "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, and 657."

West's. However, the application of the amendment to West's sentencing would result in no change in West's sentence.

Before 2000, a sentencing court could, in an atypical case, employ a guideline that did not correspond to the statute of conviction if "the guideline for the statute of conviction is 'inappropriate because of the nature of the conduct involved'." United States v. Smith, 186 F.3d 290, 297 (3d Cir. 1999) (quoting U.S. Sentencing Manual App. A at 417 (Introduction)). Amendment 591 abrogated this understanding and mandated that, even in atypical cases, a sentencing court is required to apply the guideline listed in Appendix A of the Sentencing Manual that corresponds to the statute of conviction without regard to any relevant uncharged conduct. United States v. Diaz, 245 F.3d 294, 303 (3d Cir. 2001).

In West's case, the sentencing court grouped together the offenses and applied Guideline 2D1.1, the guideline appropriate for § 841(a) (count 2), to the entire group.[3] Pursuant to § 2D1.1(a)(3), the court consulted 2D1.1's drug quantity table to set his base offense level. Because West was involved in the distribution of more than 500 grams of crack cocaine, the drug quantity table yielded the base offense level of 36. After his

---

[3]Where, as here, a defendant is convicted of various offenses involving substantially the same conduct, the convictions should be grouped together for the purposes of sentencing. See U.S.S.G. § 3D1.1(a). The count carrying the highest applicable offense level must apply to the entire group for sentencing purposes. U.S.S.G. § 3D1.2(b); Diaz, 245 F.3d at 303.

4

count 2 conviction was vacated, the sentencing court again relied on § 2D1.1 to set his base offense level even though count 2 had been vacated.

West argues that applying Amendment 591 to his resentencing would have prevented the District Court from relying on the drug weight table in § 2D1.1 to determine his base offense level; but he is wrong. Even if Amendment 591 were applied to his 1997 sentence, the District Court would have consulted § 2D1.1's drug quantity table and arrived at the same base offense level. The Statutory Appendix indicates that the guideline to be employed for convictions under 21 U.S.C. § 846 is 2D1.1. Therefore, a sentencing court applying Amendment 591 to West's conviction under § 846 for conspiracy to distribute crack cocaine (count 1) would also apply § 2D1.1 to determine his base offense level. Because we conclude that his appeal presents us with no substantial question, see Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's order.