**UNITED STATES of America**

v.

**Kenneth Vandell RIDDICK, Jr. a/k/a Bones; a/k/a Fishbone, Kenneth Vandell Riddick, Jr., Appellant.**

No. 07–2058.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6 Sept. 20, 2007.

Filed: Oct. 12, 2007.

Ronald G. Cole, Office of United States Attorney, Philadelphia, PA, for United States of America.

Kenneth Vandell Riddick, Minersville, PA, pro se.

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges.

OPINION

PER CURIAM.

Kenneth Vandell Riddick appeals from the District Court's order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we will summarily affirm the District Court's order. *See* I.O.P. 10.6.

On December 18, 1996, Riddick was convicted in the United States District Court for the Eastern District of Pennsylvania of 30 counts of drug-related offenses, including engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. On June 18, 1998, Riddick was sentenced to a term of life imprisonment for the criminal enterprise conviction, and lesser terms of imprisonment for the remaining counts.[1]

On November 16, 2006, Riddick filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence under Amendment 505 to the Sentencing Guidelines. By order entered March 26, 2007, the District Court denied the motion. This timely appeal followed.

---

1. This was Riddick's second sentencing hearing. Previously, on May 13, 1997, the District Court had sentenced Riddick to concurrent life sentences for his criminal enterprise and conspiracy to distribute cocaine convictions, and lesser terms of imprisonment for the remaining counts. On appeal, this Court reversed and remanded to correct several technical errors. (C.A. No. 97–1409.) Upon remand, the District Court vacated the conspiracy sentence, as well as the sentences for two lesser counts, and reimposed a sentence of life imprisonment with ten years supervised release for the criminal enterprise conviction.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Section 3582(c)(2) allows a court to reduce a sentence when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), and the Commission has determined that the reduction should have retroactive effect. *See United States v. McBride,* 283 F.3d 612, 614–15 (3d Cir.2002). In his section 3582(c) motion, Riddick argued that Amendment 505 should be applied retroactively to reduce the life sentence he received on the criminal enterprise conviction.[2] That Amendment, however, took effect on November 1, 1994, well before Riddick was re-sentenced on the criminal enterprise conviction in 1998. Therefore, Amendment 505 did not "subsequently lower" Riddick's sentence in any way. *See* 18 U.S.C. § 3582(c)(2). Furthermore, as the District Court noted, the statute of conviction provided for a mandatory life sentence. *See* 21 U.S.C. § 841(b)(1)(A). Accordingly, the District Court correctly concluded that Riddick was not entitled to relief under 18 U.S.C. § 3582(c).

Because we conclude that the appeal presents "no substantial question" under Third Circuit LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's May 26, 2007 order dismissing Riddick's motion for relief under 18 U.S.C. § 3582(c).

---

**2.** Amendment 505, which is retroactively applicable under U.S.S.G. § 1B1.10(c), lowered the upper limit of the base offense level in the Drug Quantity Table in § 2D1.1.