OPINION
PER CURIAM.
Manuel D. Peguero appeals from an order of the United States District Court for the Middle District of Pennsylvania, which denied his motion to reduce his sentence. We will affirm the District Court’s judgment.
In January 1992, Peguero pleaded guilty to conspiracy to distribute cocaine. The District Court sentenced Peguero in April 1992 to 274 months in prison. He did not file a direct appeal, but did later file an unsuccessful motion to set aside his conviction and sentence, pursuant to 28 U.S.C. § 2255.[1] Peguero filed the instant motion pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to reduce an imposed sentence based on a subsequent amendment to the United States Sentencing Guidelines if the amendment is named in the Sentencing Commission’s policy statement (U.S.S.G. § 1B1.10) as one that may be retroactively applied. See United States v. McBride, 283 F.3d 612, 614-15 (3d Cir. 2002). Peguero did not specify any particular amendment in his § 3582(c)(2) motion, but as his crime involved cocaine, the District Court naturally assumed that he was requesting relief pursuant to Amendment 706, which reduced by two levels the base offense level for certain crack cocaine offenses. See United States v. Wise, 515 F.3d 207, 219 (3d Cir.2008). The Court appointed counsel for Peguero, who later filed a successful motion to withdraw, because she determined that Peguero’s offense involved only powder cocaine, and not crack.[2] The District Court then de *185 nied Peguero’s § 3582(c)(2) motion, noting that Amendment 706 was not applicable, and that it could not address Peguero’s other sentencing claims by way of such a motion.
The District Court properly denied relief. Section 3582(c)(2) only applies if an applicable amendment lowers a defendant’s sentencing range. Peguero did not identify any amendment that would lower his sentencing range. The District Court lacked jurisdiction to consider Peguero’s other challenges to his sentence.[3] United States v. Mateo, 560 F.3d 152, 155-56 (3d Cir.2009).
We will therefore affirm the District Court’s judgment.

. This court affirmed the District Court's denial of relief. United States v. Peguero, No. 97-7384, 1998 WL 108610 (3d Cir. Feb. 27, 1998). The Supreme Court also affirmed, holding that the District Court's failure to advise Peguero of his right to appeal did not entitle him to relief because he knew of his right and suffered no prejudice. See Peguero v. United States, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999).

. The Government also noted as much in its response to Peguero’s § 3582(c) motion.

. Peguero claimed in the District Court that his criminal history category was overstated and that he should have been granted an additional one-point reduction in his offense level for pleading guilty. On appeal, Peguero again complains about the way his criminal history was calculated. His claims are not cognizable in a § 3582(c)(2) proceeding.