**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1484
_____

UNITED STATES OF AMERICA


v.

MICHAEL MILCHIN,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:17-cr-00284-001)
District Judge: Honorable Gerald J. Pappert

_____

Submitted: September 6, 2024

Before: JORDAN, HARDIMAN, and PORTER
*Circuit Judges*.

(Filed: February 5, 2025)

Robert A. Zauzmer, Esq.
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
    *Counsel for Appellee*

Michael Milchin
Cumberland FCI
P.O. Box 1000
Cumberland, MD 21501
    *Pro Se Appellant*

_____

OPINION OF THE COURT[1]

_____

PORTER, *Circuit Judge*.

Michael Milchin pleaded guilty to several criminal charges in connection with his leadership role in a conspiracy to illegally distribute opioids. He unsuccessfully sought a retroactive application of the new offense-level reduction under U.S.S.G. § 4C1.1 for "zero-point offenders." But

_____

[1] Judge Jordan participated in this decision and the decision to redesignate this opinion as precedential in response to the government's motion prior to his retirement on January 15, 2024.

Milchin is not eligible for application of the zero-point offender reduction, so we will affirm.

I

On February 9, 2018, Michael Milchin pleaded guilty to charges of healthcare fraud, conspiracy to commit healthcare fraud, conspiracy to distribute oxycodone, and possession of oxycodone with intent to distribute. He was sentenced to a total term of 168 months of imprisonment, and three years of supervised release. Milchin unsuccessfully sought relief from his sentence, filing numerous motions for compassionate release and motions based on his health, his mother's health, his purported rehabilitation, and the threat of COVID-19 in prison.

This appeal concerns Milchin's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on United States Sentencing Guideline § 4C1.1. Effective November 1, 2023, § 4C1.1 allows an offense-level reduction for certain offenders with zero criminal history points at the time of their sentencing. USSG § 4C1.1.

The District Court first concluded that Milchin was not eligible for the reduction on November 13, 2023, but dismissed his motion without prejudice based on a stay of motions seeking retroactive application of § 4C1.1. Milchin then requested appointment of counsel for assistance in litigating his eligibility for relief under § 4C1.1. The Court denied that request on March 1, 2024, determining that "Milchin does not qualify for a sentence reduction." Order at 1–2 n.1, *United States v. Milchin*, No. 17-284-1 (E.D. Pa. Mar. 1, 2024), ECF No. 531. On March 4, 2024, Milchin filed an "Emergency Motion for Sentence Reduction" repeating his claim for relief

under § 4C1.1. Emergency Motion for Sentence Reduction at 1, *United States v. Milchin*, No. 17-284-1 (E.D. Pa. Mar. 4, 2024), ECF No. 532. The District Court denied that motion, citing its earlier orders. Milchin appealed.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a criminal defendant's eligibility for consideration of a reduced sentence based on a retroactive guideline amendment. *United States v. McBride*, 283 F.3d 612, 614 (3d Cir. 2002).

## III[2]

Section 3582 of Title 18 of the United States Code authorizes prisoners to seek a reduction of their term of

---

[2] Milchin also faults the District Court for "not providing any meaningful consideration of the Appellant's 3553(a) factors." Appellant's Br. at 4. But courts are only required to consider the factors set forth in 18 U.S.C. § 3553(a) if the Defendant has a valid basis for seeking a reduction in his term of imprisonment. *See* 18 U.S.C. § 3582(c). Because the District Court held that Milchin had not "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," it was not required to consider the § 3553(a) factors. 18 U.S.C. § 3582(c)(2).

imprisonment in cases where the defendant had "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). The issue presented on appeal is whether Milchin was in fact sentenced under a sentencing range that was subsequently lowered. Milchin argues that § 4C1.1 of the Sentencing Guidelines, which became effective on November 1, 2023, lowered the sentencing range under which he had originally been sentenced in 2018.

Section 4C1.1 reduces the offense-level for certain offenders that had zero criminal history points at the time of their sentencing. USSG § 4C1.1. Several types of offenders and offenses are excluded from eligibility for an offense-level reduction under § 4C1.1. If, for example, the defendant's offense "result[ed] in death or serious bodily injury," the offense was "a sex offense," or he "use[d] violence or credible threats of violence in connection with the offense," then § 4C1.1 provides no relief. USSG § 4C1.1(a)(3)–(5).

Relevant here, § 4C1.1 requires that an offender "did not receive an adjustment under § 3B1.1 (Aggravating Role) *and* was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." USSG § 4C1.1(a)(10) (emphasis added). Milchin received an aggravating role adjustment, but was not engaged in a "continuing criminal enterprise" as that term is defined.

Milchin argues that because he did not *both* receive an aggravating role adjustment, *and* engage in a continuing criminal enterprise, he is eligible for § 4C1.1's offense-level reduction. We disagree and hold that § 4C1.1 makes ineligible any defendant that *either* received an aggravating role adjustment *or* was engaged in a continuing criminal enterprise.

The Supreme Court's recent decision in *Pulsifer v. United States* guides our analysis. 601 U.S. 124 (2024). There, the Court considered how a similarly phrased provision applied to defendants with "(A) more than 4 criminal history points . . . (B) a prior 3-point offense . . . *and* (C) a prior 2-point violent offense." 18 U.S.C. § 3553(f)(1) (emphasis added); *Pulsifer*, 601 U.S. at 129.

The arguments in this case trace those in *Pulsifer*. There, the defendant argued that the provision at issue applied only to defendants that satisfied *all* of Subsection (f)'s subparagraphs. *Id.* at 130. The government countered that the provision applied to defendants that satisfied *any* of Subsection (f)'s subparagraphs. *Id.* at 133–34. Recognizing that both interpretations are "grammatically possible," the Court looked to the provision's "legal context"—the contents of the provision and how the provision "fit[s] with other pertinent law." *Id.* at 140–41. We adopt a similar approach.

As a first step, we note that both conjunctive and disjunctive readings of § 4C1.1(a)(10) are "grammatically permissible" in the abstract. *Id.* at 133. "No grammatical principle precludes" reading Subsection (10) to apply only to defendants that *both* received an aggravating role adjustment *and* were not engaged in a continuing criminal enterprise. *Id.* at 137. But the same can be said of the disjunctive reading. *See* United States Sentencing Commission, Amendments to the Sentencing Guidelines 42 (2024) (noting that "several stakeholders have questioned whether either condition in subsection (a)(10) is disqualifying or whether only the combination of both conditions is disqualifying").

Situating Subsection (10) within its legal context makes clear that "and" operates disjunctively. Subsection (10), if read

conjunctively, would be superfluous because it is impossible for a defendant to have both received an aggravating role adjustment and to have been found engaged in a continuing criminal enterprise in the same case.

Start with § 2D1.5, which is the section dealing with "Continuing Criminal Enterprise." USSG § 2D1.5. Application Note 1 of that section directs users to "not apply any adjustment from Chapter Three, Part B (Role in the Offense)." USSG § 2D1.5, comment. (n.1). And an aggravating role adjustment is just that—an "adjustment[] from Chapter Three, Part B." USSG § 4C1.1(a)(10); *see* USSG § 3B1.1. Putting this together, a defendant found to have engaged in a continuing criminal enterprise, will *never* "receive an adjustment under § 3B1.1."[3] *Id.* The upshot is that Subsection (10) would be a nullity under a conjunctive interpretation.

The canon against surplusage counsels against adopting interpretations that render a statute "superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). And "[w]hen a statutory construction 'render[s] an entire subparagraph meaningless' . . . the canon against surplusage

---

[3] The Sentencing Guidelines' Applications Notes are controlling so long as "the guideline which the commentary interprets will bear the construction." *United States v. Nasir*, 17 F.4th 459, 470 (3d Cir. 2021) (quoting *Stinson v. United States*, 508 U.S. 36, 46 (1993)).

applies with special force." *Pulsifer*, 601 U.S. at 143 (quoting *Nat'l Ass'n of Mfrs. v. Dep't of Defense*, 583 U.S. 109, 128 (2018)). Milchin's proffered interpretation would do just that.

The Supreme Court in *Pulsifer* similarly relied on the "statutory difficult[y]" created by an interpretation that deprived Subparagraph (A) of the criminal history requirement in the safety-valve provision of "any operative significance." *Pulsifer*, 601 U.S. at 141. Recall that the provision at issue in *Pulsifer* permitted sentencing "without regard to any statutory minimum sentence" so long as the defendant did not have "(A) more than 4 criminal history points . . . (B) a prior 3-point offense . . . *and* (C) a prior 2-point violent offense." 18 U.S.C. § 3553(f) (emphasis added). The Court recognized that, if read conjunctively, Subparagraph (A) would be superfluous since a defendant with both "a prior 3-point offense" and "a prior 2-point violent offense" would *always* have 5—"more than 4"—criminal history points. *Id.*; *Pulsifer*, 601 U.S. at 142.

Thus far, every court to have considered the question has adopted the disjunctive reading of "and" in U.S.S.G. § 4C1.1(a)(10). *See United States v. Arroyo-Mata*, 2024 WL 1367796 at *2 n.6 (N.D. Ga. Apr. 1, 2024) (collecting district court cases). We agree.

\*　　\*　　\*

For these reasons, we will affirm the District Court's judgment.