**UNITED STATES of America**

v.

**James McINTOSH, Defendant.**

**No. CRIM. A. 97–203–2.**

United States District Court,
E.D. Pennsylvania.

July 27, 1999.

Bernadette A. McKeon, U.S. Attorney's Office, Philadelphia, PA, for U.S.

### *MEMORANDUM & ORDER*

KATZ, Senior District Judge.

*Background*

On November 10, 1997, a jury found defendant James McIntosh guilty of various crimes stemming from a robbery that occurred on September 30, 1996. On March 27, 1998, this court sentenced McIntosh to 262 months imprisonment for robbery and conspiracy to commit robbery and 60 months consecutive imprisonment for using and carrying a firearm during and in relation to a crime of violence, for a total of 322 months imprisonment. The court calculated McIntosh's sentence for the first two counts on the belief that he qualified as a career offender within the meaning of the Sentencing Guidelines. McIntosh successfully appealed this decision to the Third Circuit, which remanded the case for resentencing on the career offender determination.

*Discussion*

> The Sentencing Guidelines provide that A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

U.S.S.G. § 4B1.1. As the table described provided that the defendant's offense level should be 32, the same number as that reached in the presentence report, the offense level was not affected.[1] The defen-

---

1. Although the presentence report states that the offense level was increased to reflect the career offender status, this appears to be in error, as the calculations totaled 32 even prior to considering the career offender provisions.

dant's criminal history category, however, would not have been at level VI without application of the career offender provision.

■ The defendant does not dispute that he meets the first two prongs of the career offender test: he was over eighteen years old at the time of the instant offense, and he committed a felony. In dispute are the prior convictions used to establish career offender status. Under the Sentencing Guidelines, the court can consider only certain prior convictions in applying the career offender guideline:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. § 4A1.2(e)(1). The court initially found that the defendant had two prior qualifying convictions. The defendant concedes that one of the convictions relied upon, a 1980 robbery conviction for which McIntosh ultimately received a seven to fourteen year sentence, was properly considered. All parties now agree that the court cannot use the second conviction, one for simple assault that was imposed on May 22, 1981, in considering career offender status. That sentence was imposed more than fifteen years before the instant offense, and thus it could be considered only if the defendant served some part of the sentence within the fifteen year period. There are no records so indicating.

■ The government now provides documentation, however, that the defendant was convicted of yet another offense that may be considered in determining career offender status. On May 25, 1984, the defendant pleaded guilty to simple assault for an incident in which he and his brothers attacked guards at SCI Graterford. As explained in the affidavit of probable cause and clarified at the sentencing hearing, the brothers attacked the officers with their fists and metal trash can lids. On the same day he pleaded guilty to that count, McIntosh was committed to serve not less than six months or more than twenty-three months. *See* Sentence & Order, attached to Govt. Resentencing Mem.

This conviction qualifies the defendant as a career offender.[2] The sentence for the conviction was imposed on May 25, 1984, which is well within fifteen years of the instant offense. Consequently, the court need not consider whether the defendant served any portion of this incarceration within the fifteen years preceding the present conviction.[3] Moreover, as the court noted in its sentencing order of March 27, 1998, simple assault is a crime of violence within the meaning of U.S.S.G. § 4B1.2(a), which requires that the crime either "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at (a), (b).

*Conclusion*

The defendant's offense level will remain at level 32, and his criminal history category will remain at level VI. The same sen-

2. The court sees no double jeopardy or due process violation in considering evidence introduced for the first time now. The Third Circuit's mandate explicitly stated that the "cause was remanded to the District Court for its reconsideration as to whether McIntosh can be classified as a career criminal for sentencing purposes and such further development of the record it sees fit." Judgment of Third Circuit, dated April 14, 1999. More-

over, the sentence has not been increased from that previously imposed.

3. The court notes that the records again fail to indicate clearly whether the defendant actually served any portion of that sentence. In one place, the imposition of sentence states that the sentence is concurrent; in another, it suggests that it is consecutive. Moreover, there do not appear to be any prison records to assist the court in this matter.

tence will be imposed, and a new Judgment of Conviction will be entered.