

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2008

# USA v. McIntosh

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3895

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. McIntosh" (2008). *2008 Decisions.* Paper 1768.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1768

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3895
_____

UNITED STATES OF AMERICA

v.

JAMES MCINTOSH,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 97-cr-00203-2)
District Judge:  Honorable Marvin Katz
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2008

Before:  RENDELL, JORDAN AND GARTH, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:   January 10, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Appellant, James McIntosh, appeals from the District Court's orders denying his

motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), his motion to correct

clerical errors in support of his pending 18 U.S.C. § 3582(c)(2) motion, and his motion

for reconsideration.  For the reasons that follow, we will affirm.

In 1997, McIntosh was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951; robbery, in violation of 18 U.S.C. § 1951; and using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). At sentencing, the government argued that, because McIntosh was a career offender, his offense level should be increased pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2000). The District Court agreed and sentenced McIntosh accordingly. McIntosh appealed. We affirmed his conviction but remanded the case for reconsideration of whether McIntosh was properly classified as a career criminal for sentencing purposes. (C.A. No. 98-1252). Upon remand, the government submitted additional evidence of McIntosh's prior convictions, and the District Court again sentenced McIntosh as a career offender. McIntosh appealed, and we affirmed his sentence. (C.A. No. 99-1678).

On June 21, 2007, McIntosh filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). In his motion, McIntosh argues that, under Amendment 461 to the Sentencing Guidelines, the District Court misapplied the guidelines involving career offenders, and that, as a result, he was improperly classified as a career offender. Thereafter, on July 9, 2007, McIntosh filed a motion to "correct clerical errors" in his pending 18 U.S.C. § 3582(c) motion, arguing that the District Court should modify his sentence pursuant to Fed. R. Crim. P. 36 and Fed. R. Civ. P. 60. The District Court denied both motions. Thereafter, McIntosh filed a timely motion for reconsideration. The District Court denied reconsideration on September 17, 2007, and McIntosh appeals.

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review the District Court's interpretation and application of the Sentencing Guidelines de novo. United States v. Yeaman, 194 F.3d 442, 456 (3d Cir. 1999).

Section 3582(c)(2) permits a court to reduce a defendant's sentence when the guideline range under which the defendant was sentenced is subsequently lowered by the Sentencing Commission.  See United States v. McBride, 283 F.3d 612, 614 (3d Cir. 2002).  Amendment 461 to the U.S. Sentencing Guidelines became effective on November 1, 1992.  U.S. Sentencing Guidelines Manual app. C (1992).  McIntosh was sentenced on March 27, 1998, and re-sentenced on July 27, 1999.  Accordingly, because Amendment 461 was in effect when McIntosh was sentenced, § 3582(c)(2) is inapplicable.[1]  Among other things, Amendment 461 eliminated a conviction for firearm possession as a crime of violence for determining when a defendant is a career offender. However, Amendment 461 does not affect McIntosh's sentence.  Previously, McIntosh had been convicted of a number of felony offenses sufficient to render him a career offender without regard to his § 924(c) firearm offense.  See United States v. McIntosh, 58 F. Supp. 2d 612, 613 (E.D. Pa. 1999).

---

[1]  In his § 3582(c)(2) motion and in his brief before this Court, McIntosh argues that his sentence should be reduced in light of the Supreme Court's decision in Shepard v. United States, 544 U.S. 13 (2005).  This argument must be raised in a motion pursuant to 28 U.S.C. § 2255.  Because McIntosh has previously filed a § 2255 motion with the District Court, he must seek permission from this Court to file a second or successive § 2255 motion.  28 U.S.C. § 2255.  McIntosh has not requested such permission; accordingly, we will not consider the merits of this argument.

McIntosh also argues that the District Court erred by failing to modify his sentence pursuant to Fed. R. Crim. P. 36 and Fed. Civ. P. 60. Fed. R. Crim. P. 36 permits a court to correct a clerical error in a judgment or order entered in a criminal case and Fed. R. Civ. P. 60 permits a court to grant relief from a judgment or order entered in a civil case. McIntosh argues that his sentence should be modified because the District Court incorrectly concluded that he was a career offender. Neither Fed. R. Crim. P. 36 nor Fed. R. Civ. P. 60 provides for the relief that McIntosh seeks.

For the foregoing reasons, we will affirm the orders of the District Court.