

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2008

# USA v. Fields

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3759

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Fields" (2008). *2008 Decisions*. Paper 116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3759
_____

UNITED STATES OF AMERICA

v.

BERNARD FIELDS,
                                    Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 91-cr-00570-5
(Senior District Judge: Honorable Marvin Katz)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2008

Before: McKEE, NYGAARD, and SILER, *Circuit Judges**
(Filed: December 12, 2008 )

_____

    * Honorable Eugene E. Siler, Jr. Circuit Judge, United States Court of Appeals for the
Sixth Circuit, sitting by designation.

OPINION OF THE COURT

McKee, <u>Circuit Judge</u>,

Bernard Fields appeals the district court's refusal to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we will vacate the district court's order denying Fields' motion, and remand for reconsideration of the sentence.

**I.**

As we write only for the parties who are familiar with this case, a detailed discussion of the factual and procedural history is not necessary. We exercise plenary review of the district court's interpretation of the Sentencing Guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (*en banc*).

Fields makes numerous arguments in challenging the validity of his sentence, but his central claim is that the district court erred in concluding that Amendment 599 of the Sentencing Guidelines did not affect his sentence. Amendment 599 reduced the applicable sentencing range from life imprisonment to 324-405 months imprisonment.

18 U.S.C. § 3582(c)(2), allows a district court to reduce a term of imprisonment when the applicable sentencing range is lowered by subsequent amendment to the Sentencing Guidelines if the Sentencing Commission intended the amendment to be applied retroactively pursuant to U.S.S.G. § 1B1.10(c). *See United States v. McBride*, 283 F.3d 612, 614 (3d Cir. 2002).

In imposing the sentence here, the district court considered the offense characteristic of possessing a firearm pursuant to U.S.S.C. § 2D1.1(b)(1). To its credit, the government now concedes that "the court should not impose a specific offense characteristic for possession of a firearm in calculating the guideline range for the underlying drug trafficking offense."

Appellee's Br. at 12.  The government initially "argued that this principle was not applicable in Fields' case," because the enhancement was not based on the firearm involved in the offense of conviction.  *Id*.  However, the government now candidly concedes that, based on "a careful examination of the applicable law," that fact "is irrelevant and . . . application of the 2D1.1(b)(1) enhancement in this case is inappropriate under the amended [G]uidelines."  *Id*. at 12-13.  Rather, as the government states, "[t]he district court, under 1B1.10, has discretion in determining whether to reduce the sentence to a term within [the applicable] range, and the case should be remanded for the court to make that decision."  *Id*. at 13.  *See United States v. Knobloch*, 131 F.3d 366, 373 (3d Cir. 1997).

**II.**

Fields also argues that he should have the benefit of the holding in *United States v. Booker*, 543 U.S. 220 (2005), on remand.  The government argues that we rejected this argument when we held that Fields could not file a second motion under 28 U.S.C. § 2255 because *Booker* did not apply retroactively and was therefore not a basis for a new motion under § 2255.  The government also argues that *Booker* does not apply to proceedings under § 3582(c)(2) because they do not constitute a "full re-sentencing," and because the policy statements of the Sentencing Commission limit the district court's discretion to a reduction that is within the newly calculated Guideline range.

We need not discuss these arguments in detail because we have already held that resentencings pursuant to § 3582(c)(2) are limited to applying the retroactive Guideline.  *See McBride*, 283 F.3d at 615 (a reduction in sentence under § 3582(c)(2) does not constitute a full re-sentencing and the district court did not err in limiting its consideration to the effect of a

3

sentencing amendment rather than considering an alleged *Apprendi* error).  *See also Lloyd v. United States*, 407 F.3d 608, 614-16 (3d Cir. 2005) (*Booker* does not apply retroactively to concluded cases).

## III.

For all of the above reasons, we will vacate the district court's order denying Fields' § 3582(c)(2) motion, and remand for reconsideration of an appropriate sentence within the amended Guideline range. In doing so, we note our appreciation of the government's candor. It is in the best tradition of advocacy.