

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2009

# USA v. Charles Cariola

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2578

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Charles Cariola" (2009). *2009 Decisions.* Paper 1879.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1879

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2578

_____

UNITED STATES OF AMERICA,

v.

CHARLES CARIOLA,
a/k/a CHEW

Charles Cariola,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cr-182-3)
District Judge: Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2009

Before:  McKEE, JORDAN, and LOURIE*, *Circuit Judges.*

(Filed:  February 11, 2009   )

_____

OPINION OF THE COURT

_____

_____
         *Honorable Alan D. Lourie, Circuit Judge of the United States Court of Appeals
for the Federal Circuit sitting by designation.

1

LOURIE, *Circuit Judge*.

Charles Cariola seeks to appeal the District Court's denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Cariola's counsel has filed an *Anders* brief in which he states that there are no non-frivolous grounds for appeal. Cariola was invited to file a *pro se* brief stating his grounds for appeal but did not do so. We agree with counsel that there are no non-frivolous grounds for appeal and will affirm.

I. Background

On February 21, 2007, Cariola entered a plea of guilty for conspiring to distribute and possess with intent to distribute less than five grams of cocaine base. A pre-sentence report concluded that his advisory guideline imprisonment range was 33 to 41 months in prison. Cariola filed a sentencing memorandum, arguing that an amendment to the U.S. Sentencing Guidelines Manual ("Sentencing Guidelines") was anticipated in November 2007 to reduce the offense levels for crack cocaine offenses by two levels to address the disparity under the Sentencing Guidelines between crack and powder forms of cocaine. Cariola argued that he should receive a downward departure based on the powder-crack cocaine disparity and the anticipated amendment to the Sentencing Guidelines.

On October 3, 2007, the District Court held a sentencing hearing. The Court noted that the anticipated amendment had not yet passed but took into account Cariola's "minor role and the disparity between crack and powder" in its sentencing decision. (App. 58.)

Cariola was then sentenced to a term of incarceration of 21 months, followed by a three-year period of supervised release.

On November 1, 2007, the Sentencing Guidelines were amended as anticipated and the offense levels applicable to certain cocaine base offenses were lowered by two levels. *See* U.S. SENTENCING GUIDELINES MANUAL §§ 1B1.10, 2D1.1 (2008). On January 17, 2008, Cariola filed a *pro se* petition seeking a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), and a supplemental motion was filed on Cariola's behalf by appointed counsel on April 8, 2008. The government filed a response on April 10, 2008.

On May 5, 2008, the District Court issued an order denying Cariola's motion for sentence reduction. Then on May 13, 2008, the Court denied a request for reconsideration. In explaining its denial of a reduction of sentence, the Court stated that "[t]he disparity in the Sentencing Guidelines between powder and crack cocaine was taken into account under 18 U.S.C. § 3553(a) at the time of sentence." (App. 3.) This appeal followed.

II.     Discussion

Following entry by the District Court of its final order, Cariola's counsel filed an appellate brief in this court pursuant to *Anders v. California*, 386 U.S. 738 (1967), which holds that if appointed counsel, after a conscientious examination of the case, finds an appeal to be wholly frivolous, counsel should advise the court and request permission to withdraw. *Id.* at 744. To determine the adequacy of counsel's brief, we take into account

3

whether counsel "has thoroughly examined the record in search of appealable issues" and explained "why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If we are satisfied with counsel's brief, we may grant counsel's request to withdraw and deny the appeal. *Anders*, 386 U.S. at 744.

Here, counsel's *Anders* brief indicates that he reviewed the record and determined that the only ground for appeal would be to challenge the District Court's discretionary decision not to reduce Cariola's sentence any further. Counsel concluded that such an appeal was frivolous because in sentencing Cariola to 21 months in prison, the Court had already lowered the sentence below the recommended sentencing range at the time of Cariola's sentencing and specifically stated that this decision took into account the disparity between the Sentencing Guidelines for crack cocaine and powder cocaine. We are satisfied that counsel's *Anders* brief is adequate.

When an *Anders* brief appears adequate on its face, our independent examination of the record is to be guided by the *Anders* brief itself. *Youla*, 241 F.3d at 301. We agree with counsel that there is no non-frivolous basis to challenge the District Court's denial of Cariola's motion for reduction of sentence. A district court's discretion whether to reduce a defendant's sentence based upon a subsequent change in the Sentencing Guidelines is set forth in § 3582(c)(2) itself, which provides that "the court *may* reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements

4

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added); *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. background (2008) ("The authorization of such a discretionary reduction does not . . . entitle a defendant to a reduced term of imprisonment as a matter of right."); *United States v. Fields*, No. 07-3759, 2008 WL 5195309, at *1 (3d Cir. 2008) (stating that a district court has discretion to reduce a sentence); *United States v. Vaultier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."). Here, the District Court granted Cariola a four-level variance at the time of sentencing, based in part upon the proposed amendments relating to cocaine base offenses. Although the Court could have granted an additional two-level reduction after the amendments passed, it chose not to do so. That decision not to give Cariola an additional two-level reduction for the same disparity taken into account in the initial sentencing decision was within the Court's discretion. Thus, there is no meritorious basis for challenging the District Court's exercise of discretion.

III.    Conclusion

For the reasons stated above, we will affirm the District Court and grant counsel's motion to withdraw.