OPINION
PER CURIAM.
Appellant Gabriel Jennings, proceeding pro se, sought a reduction in his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c), which the District Court denied. For the reasons that follow, we will affirm.
In 1991, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Jennings was convicted of conspiracy to distribute cocaine base (crack), a RICO offense, operating a continuing criminal enterprise, arson, seven counts of distribution of crack, four counts of distribution of crack cocaine near a school, and eight counts of using a firearm in connection with a drug trafficking offense. The Court determined his base offense level to be 36, with a 4 level upward adjustment for his role as an organizer and leader, for a total base offense level of 40.[1] This resulted in an imprisonment *368 range of 360 months to life. Jennings was sentenced to a total of 372 months on the conspiracy and drug-related offenses to be followed by a single five-year sentence on the gun charges, resulting in a combined sentence of 432 months. In 1997, upon Jennings’s motion, the District Court vacated his gun-related convictions and corresponding five year sentence, leaving the 372-month sentence intact.
In 2007, the United States Sentencing Commission enacted Amendment 706, which lowers the base offense level for cocaine base (“crack”) offenses, and made the Amendment retroactive. Jennings thereafter filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10 of the United States Federal Sentencing Guidelines. Section 3582(c)(2) provides that the sentencing court may modify a term of imprisonment:
in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
In determining whether a criminal defendant’s sentence is eligible for such a reduction, the sentencing court is directed to “determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.” See U.S. Sentencing Guidelines § 1B1.10(b).
In his motion, Jennings argued that in determining his sentence, the District Court erroneously adopted the Government’s calculation of the quantity of drugs he was responsible for, as the Court concluded that the increase would have no impact on Jennings’s guideline range. The Government attributed over 7 kilograms of crack cocaine to Jennings. Jennings argued that the jury only found him responsible for 2,258.5 grams, or 2.2 kilograms. He maintained that, using the amount found by the jury, the Court would have sentenced him to a base offense level of 36 under the amended guidelines. He continued: “applying the retroactive amendment as per title 18 U.S.C. § 3582(c), the Court should then reduce the Defendant’s base offense level an additional two levels for a level 34 which coupled with a Category III criminal history the Defendant’s overall sentencing range would be lowered 188 to 235 months as established above.” (Supplemental App. 23.)
As the Government explained in its response, Jennings’s argument misapprehends the nature of the amendments to the Sentencing Guidelines. In enacting Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. See Appendix C, Amendment 706, effective November 1, 2007; see also United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009). Contrary to Jennings’s assertion, it did not instruct the sentencing court to ascertain *369 the defendant’s base offense level and then lower it two additional levels.
As the Government explained, using the 7 kilogram figure, Jennings’s base offense level under the amended guidelines would be 38. With the additional 4 level upward departure, his total base offense level would not decrease; rather it would increase to 42. Furthermore, even if the Court were to use the amount urged by-Jennings — 2.2 kilograms — which the Government maintained was based on an incorrect interpretation of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Jennings’s base offense level would remain at 36, the same level used at his original sentencing. Applying a base offense level of either 40 or 42, Jennings’s guideline range would remain at 360-life. Because neither the base offense level nor the sentencing range would change under Amendment 706, the Government argued, Jennings would not be eligible for a sentence reduction.
Based on the Government’s analysis, the District Court denied Jennings’s motion, concluding that the applicable guideline range had not been reduced as a result of the Commission’s recent amendments. The Court further held, however, that even if the guideline range had been reduced, it would not be inclined to adjust Jennings’s sentence, because, at the time of his sentencing, he should have been subject to a mandatory minimum sentence of 40 years on the gun-related charges, rather the five years the District Court sentenced him to. The Court seemingly failed to recognize that it had subsequently vacated Jennings’s convictions on the gun-related charges as well as the corresponding five-year sentence.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court’s interpretation of the Sentencing Guidelines de novo and its decision whether to grant or deny a defendant’s motion to reduce his sentence pursuant to § 3582(c)(2) for abuse of discretion. See Mateo, 560 F.3d at 154.
On appeal, Jennings focuses solely on the District Court’s alternative holding, which the Government concedes was erroneous, ignoring entirely the District Court’s primary holding. His arguments are to no avail. As we explained in Mateo, “[t]o be entitled to a reduction of sentence, a defendant’s sentencing range must have been lowered by recalculation based on the amended base offense level.” 560 F.3d at 154. Because Jennings’s sentencing range was not affected by Amendment 706, he is not eligible for a reduction in his sentence pursuant to Section 3582(c) and, therefore, it does not matter whether the District Court erred in stating that it would not have reduced his sentence in any event based on the error in sentencing him on the now-vacated gun-related charges.
Because the District Court properly denied Jennings’s motion for a reduction in sentence, we will affirm.

. The Court applied the Sentencing Guidelines in effect in 1987, when the crimes were committed, rather than the version in effect in *368 1991, when sentencing took place, to avoid a violation of the Ex Post Facto Clause. See United States v. Wood, 486 F.3d 781, 790 (3d Cir.2007).