: **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4484
_____

UNITED STATES OF AMERICA

v.

GABRIEL JENNINGS, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. Action No. 90-cr-00107-001)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 13, 2012
Before:  RENDELL, FUENTES AND WEIS, Circuit Judges

(Opinion filed: June 18, 2012)
_____

OPINION
_____

PER CURIAM.

Gabriel Jennings, proceeding <u>pro se</u>, appeals an order of the United States District

Court for the Eastern District of Pennsylvania denying his motion to reduce his sentence

pursuant to 18 U.S.C. § 3582(c).  For the reasons that follow, we will affirm the judgment

of the District Court.

Jennings was charged with thirteen other individuals under a 92-count indictment in connection with a conspiracy to distribute cocaine base (crack). In 1991, after a jury trial, Jennings was convicted of conspiracy, violating the Racketeer Influenced and Corrupt Organizations Act (RICO), running a continuing criminal enterprise, and other drug and firearms offenses.

At sentencing, the District Court found that the quantity of drugs involved in Jennings' crimes was over seven kilograms of crack cocaine. The District Court applied the 1987 Sentencing Guidelines and determined that Jennings' base offense level was 36. The District Court added four levels for his leadership role for a total offense level of 40. Applying a criminal history category of III, the District Court determined that the applicable sentencing range for the drug-related charges was 360 months to life in prison. The District Court sentenced Jennings to 372 months in prison on the drug charges plus 60 months in prison on the firearms charges. We affirmed the judgment on direct appeal.[1]

In 2008, Jennings filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) asserting that Amendment 706 to the Sentencing Guidelines reduced his guideline range. The District Court denied the motion and we affirmed, concluding that

---

[1] In 1997, the District Court granted Jennings' motion pursuant to 28 U.S.C. § 2255 and vacated his firearms convictions and the 60-month sentence pursuant to Bailey v. United States, 516 U.S. 137 (1995). Jennings' conviction for running a continuing criminal enterprise was vacated pursuant to Rutledge v. United States, 517 U.S. 292 (1996), but his 372-month sentence was not affected.

2

Jennings' sentencing range was not affected by Amendment 706's changes to the drug quantity thresholds and base offense levels for crack cocaine offenses. United States v. Jennings, 358 F. App'x 367, 369 (3d Cir. 2009) (per curiam) (unpublished decision).

In 2011, Jennings filed another motion to reduce his sentence pursuant to § 3582(c) asserting that he is eligible for a sentence reduction under Amendment 750 to the Sentencing Guidelines. The Government opposed the motion, stating that Amendment 750 does not lower Jennings' base offense level or guideline range and that he is thus not eligible for a sentence reduction. The District Court denied Jennings' motion and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review a district court's ultimate decision to deny a motion pursuant to § 3582(c) for abuse of discretion. Id.

Under § 3582(c), a court may reduce a term of imprisonment where a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2); Mateo, 560 F.3d at 154. Amendment 750 re-promulgates as permanent a temporary amendment that implemented the Fair Sentencing Act of 2010 and revised the crack cocaine quantity levels in the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual app. C, vol. III, Amend. 750 (2011). If Amendment 750 has the effect of

3

lowering a defendant's guideline range, a court may reduce the term of imprisonment pursuant to § 3582(c). See U.S. Sentencing Guidelines Manual § 1B1.10(a),(c) (2011).

The District Court did not abuse its discretion in denying Jennings' motion pursuant to § 3582(c) because Amendment 750 does not lower his guideline range. As noted above, the District Court determined at sentencing that Jennings' crimes involved a drug quantity of more than seven kilograms of crack cocaine and that his base offense level was 36. Under § 2D1.1(c), as amended, a crime involving at least 2.8 kilograms but less than 8.4 kilograms of cocaine base has a base offense level of 36. U.S. Sentencing Guidelines Manual § 2D1.1(c) (2011). Thus, Amendment 750 does not change Jennings' base offense level and, as a result, his guideline range is not lowered.

Jennings argues on appeal that the District Court made errors in its original guideline calculation, including its determination of drug quantity, and that Amendment 750 would lower his base offense level and guideline range if these errors were corrected. We agree with the Government that these arguments are not properly before us. In considering Jennings' motion pursuant to § 3582(c), we may substitute Amendment 750 for the guideline provision in effect when he was sentenced, but we must leave all other guideline determinations unaffected. Dillon v. United States, 130 S. Ct. 2683, 2691 (2010); United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court.

4