**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3563
_____

UNITED STATES OF AMERICA

v.

CURTIS L. MCKEITHAN,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-00-cr-00278-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 27, 2013
Before:  FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: January 14, 2014)

_____

OPINION
_____

PER CURIAM

Curtis L. McKeithan, proceeding pro se, appeals from an order of the United

States District Court for the Middle District of Pennsylvania.  We will affirm the District

Court's order.

McKeithan was convicted by a jury in 2001 of drug trafficking and was originally

sentenced to a term of imprisonment of 420 months. After a number of unsuccessful

post-conviction motions, McKeithan filed a motion in May 2012 to reduce his sentence

pursuant to 28 U.S.C. § 3582(c)(2), referring to the Fair Sentencing Act ("FSA"), and

"[t]he retroactive Amendment 706 [that] went into [e]ffect on November 1, 2012 [sic]

and listed under [United States Sentencing Guidelines ("U.S.S.G.")] § 1B1.10, replacing

Amendment 706." The District Court denied relief, noting that the FSA did not apply

retroactively, but on appeal, we construed McKeithan's motion as raising a claim for

reduction of sentence under Amendment 750, which does apply retroactively, per

U.S.S.G. § 1B1.10(c). We remanded to the District Court to consider the merits of

McKeithan's Amendment 750 argument. See C.A. No. 12-2919.

On remand, the District Court ordered briefing. The Government conceded that

McKeithan was eligible for a sentence reduction pursuant to Amendment 750, but

opposed McKeithan's attempts to raise other issues[1] in connection with his sentence. The

District Court agreed with the Government's position. It reduced McKeithan's sentence

to 352 months' imprisonment, but found that his other sentencing claims were not

cognizable in a § 3582(c)(2) proceeding. McKeithan timely appealed.

The District Court properly determined that the scope of its resentencing was

limited to any changes that would result from application of the retroactive amendment,

---

[1] McKeithan sought to raise claims that: (1) the courts should apply a 1:1 crack-to-powder cocaine ration; (2) there was a problem with the "use prong" of his conviction pursuant to 18 U.S.C. § 924(c); (3) he should not have received a sentencing enhancement for his managerial role as the issue was not submitted to the jury; and (4) his criminal history should be adjusted from level III to level II.

2

here, Amendment 750. United States v. McBride, 283 F.3d 612, 615-16 (3d Cir. 2002). Section 3582(c)(2) "does not authorize a resentencing, " but only "permits a sentence reduction within the narrow bounds established by the [United States Sentencing] Commission." Dillon v. United States, 560 U.S. 817, ___, 130 S. Ct. 2683, 2694 (2010). Thus, the District Court lacked the authority to address any of McKeithan's claims that were unaffected by the Commission's amendment. Id.

For the foregoing reasons, we will affirm the District Court's judgment.